B. D. BOWDEN et al. v. J. A. J. HIGGS.

EXECUTOR. *Attorney's fee if will is not established.* If a person named as executor in a will offers it for probate and it is sustained in the county court, but upon appeal to the circuit court it is not established, he will be allowed reasonable attorney's fee out of the estate, if the proceedings were in good faith and upon reasonable grounds.

FROM HENRY.

Appeal in error from the Circuit Court of Henry county. C. ADEN, J.

J. N. THOMASON for Bowden.

J. M. CLARK for Higgs.

DEADERICK, C. J., delivered the opinion of the court.

This case is before this court upon the following agreed state of facts: A paper purporting to be the last will and testament of John Hartsfield, deceased, was produced before the county court of Henry county, for probate, by defendant Higgs, who was nominated therein as one of its executors. The plaintiffs, Bowden et al., who are heirs at law of said Hartsfield, appeared and resisted its probate. Said paper was admitted to probate as the will of Hartsfield by the county court, and Higgs was qualified as executor

thereof. But letters testamentary were not issued to him, the said Bowden and others appealing from the order of the county court to the circuit court. There the issue made up as to the validity of the will was tried, and verdict and judgment were against the will, and the facts were certified to the county court. Higgs employed counsel to aid in establishing the will in the circuit court, and in his settlement in the county court was allowed $300 for counsel fees paid, which credit, on appeal to the circuit court, was again al- lowed, and the said Bowden and others appealed to this court.

The question is thus presented, whether one named as executor in a paper purporting to be a will of a deceased person, who propounds such paper for probate before the county court, and which paper is admitted to probate by said county court and the propounder qualified as executor may, at the expense of the estate, employ counsel to establish the will, although upon the trial of the issue of *devisavit vel non* said issue is found against the will.

Section 2173 of the Code provides that where the validity of a will is contested, the fact is to be cer- tified by the county court to the circuit court, and the original will shall be sent up, and the contestant shall enter into bond with security, "payable to the executor mentioned in the will," conditioned for the faithful prosecution of the suit, or payment of costs. This section seems to place the "executor mentioned in the will," in the attitude of a plaintiff in the cir- cuit court, charged with the duty of maintaining the

validity of the will, while the contestants are defendants denying its validity.

The next section, 2174, rquires the adult legatees or devisees, who have notice of. the contest, to give bond with surety to prosecute the suit—if they claim under the will. This last named section, however, does not repeal the preceding one, as there may be and are many cases in which all the legatees and devisees are minors, who are not required to give bond, or to prosecute the suit.

The "executor named in the will," being placed by the statute in the attitude of plaintiff upon the issue made up for trial, and charged with the duty of carrying out the supposed will of the deceased, ought not to be held personally liable for counsel fees in the event of the failure to establish the will. .

It is to ascertain the fact whether the paper is the will, that the statute directs an issue shall be made, and charges the "executor" named in the will, with the duty of maintaining the affirmative of the proposition. The judgment of the county court was in favor of the will.

It has been said by this court that the executor is the proper party to represent those who are interested in the provisions of the will: 11 Hum., 486–7. And it has also been held, in a case in which the will was established, that it is the duty of the executor named, to propound the will for probate, and to take all proper steps, and incur necessary expenses to sustain the will: 1 Cold., 472. The court adds, how this would be if the will was not established, we need

not say, as this case does not call for an opinion on that point.

But it seems to us, if it was the duty of the executor to propound the will and to sustain it in the courts by incurring expense to sustain it, these were obligations resting upon him, independently of the result of the contest. He might not know when he offered the will for probate, that it would be contestd. When the issue was made up and certified to the circuit court, he could not tell what the verdict and judgment would be until it was rendered. Yet this court has said it was his duty to fee counsel and liti gate the question, and to seek to establish the will. And the statute, by placing him in the attitude of a plaintiff affirming the validity of the will before the court, virtually imposes upon him the duty of doing all that is proper and necessary to establish the will. And all these duties are to be performed before tl e issue is determined, or the result of the litigation c. n be known. Under such circumstances an executor, having no pecuniary interest in the result, should not be subjected to pecuniary loss.

It may be said he need not incur the liability—he might renounce. So he might; but if all the legatees and devisees were minors, another executor would perhaps be necessary, before the contest could proceed.

It is said that the judgment being against the validity of the will, to require the estate to pay the expenses incurred by the executor named, for counsel fees, would subject the contestants to the payment of

Bowden *v.* Higgs.

their adversary's fees. This is true to some extent, and is a plausible reason against the allowance of such fees out of the estate. But the executor named in the will, although the jury find against its validity, is regarded by our statute and decisions as the representative of the estate, in the contest inaugurated, to ascertain whether the estate is to be distributed according to the will, or according to our statutes in cases of intestancy. And where proceedings are instituted and conducted in good faith, and upon reasonable grounds, to establish a will, we think the expenses incident thereto should be borne by the estate, rather than by an executor named in the will, who has no pecuniary interest in the result of the contest.

The judgment will be affirmed.

Judges COOPER and MCFARLAND dissent.